BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>       v.<br><br>REAL PROPERTY LOCATED AT 281 PINE FOREST ROAD, HAYFORK, CALIFORNIA, TRINITY COUNTY, APN: 019-340-10, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>REAL PROPERTY LOCATED AT 660 SUNSET ROAD, HAYFORK, CALIFORNIA, TRINITY COUNTY, APN: 019-640-13, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>REAL PROPERTY LOCATED AT 1461 WESTRIDGE ROAD, HAYFORK, CALIFORNIA, TRINITY COUNTY, APN: 019-660-13-00, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, and<br><br>REAL PROPERTY LOCATED AT 1431 WESTRIDGE ROAD, HAYFORK, CALIFORNIA, TRINITY COUNTY, APN: 019-660-12-00, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>                Defendants. | 2:12-CV-01900-KJM-KJN<br><br>*AMENDED* FINAL JUDGMENT OF FORFEITURE |

1

Pursuant to the *Amended* Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

1. This is a civil action *in rem* brought against the following real properties:

    (a) Real Property located at 281 Pine Forest Road, Hayfork, California, Trinity County, APN: 019-340-10, including all appurtenances and improvements thereto, and more fully described in Exhibit A attached hereto and incorporated herein by reference;

    (b) Real Property located at 660 Sunset Road, Hayfork, California, Trinity County, APN: 019-640-13, including all appurtenances and improvements thereto, and more fully described in Exhibit B attached hereto and incorporated herein by reference;

    (c) Real Property located at 1461 Westridge Road, Hayfork, California, Trinity County, APN: 019-660-13-00, including all appurtenances and improvements thereto, and more fully described in Exhibit C attached hereto and incorporated herein by reference; and

    (d) Real Property located at 1431 Westridge Road, Hayfork, California, Trinity County, APN: 019-660-12-00, including all appurtenances and improvements thereto, and more fully described in Exhibit D attached hereto and incorporated herein by reference.

(hereafter "defendant real properties").

2. A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on July 19, 2012, alleging that said defendant properties are subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and (a)(7).

3. On July 30, 2012, all of the defendant real properties were posted with a copy of the Complaint and Notice of Complaint.

4. Beginning on September 13, 2012, for at least thirty consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov.  A Declaration of Publication was filed on October 15, 2012.

5. In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individual(s) and entities:

    a. Ryan J. Raketti

2

*Amended* Final Judgment of Forfeiture

      b.    Marie Mallory

      c.    Pinehorse LLC

6.    Claimant Ryan J. Raketti filed a claim to the defendant real properties on August 21, 2012 and an answer to the complaint on September 10, 2012.  Claimant Marie Mallory filed a claim alleging an interest in the Real Property located at 281 Pine Forest Road, Hayfork, California, Trinity County, APN: 019-340-10 on August 24, 2012 and an answer to the complaint on September 12, 2012.  No other parties have filed claims or answers in this matter, and the time in which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

7.    The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

8.    That judgment is hereby entered against claimant Ryan Raketti and all other potential claimants who have not filed claims in this action.

9.    All right, title, and interest of Ryan J. Raketti in the following defendant real properties shall be forfeited to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and (a)(7), to be disposed of according to law:

    a. Real Property located at 281 Pine Forest Road, Hayfork, California, Trinity County, APN: 019-340-10, including all appurtenances and improvements thereto;

    b. Real Property located at 660 Sunset Road, Hayfork, California, Trinity County, APN: 019-640-13, including all appurtenances and improvements thereto;

    c. Real Property located at 1461 Westridge Road, Hayfork, California, Trinity County, APN: 019-660-13-00, including all appurtenances and improvements thereto; and

    d. Real Property located at 1431 Westridge Road, Hayfork, California, Trinity County, APN: 019-660-12-00, including all appurtenances and improvements thereto.

      10.     The U.S. Marshals Service (or a designee) shall list the defendant real properties for sale.  The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the defendant real properties.

      11.     The U.S. Marshals Service shall have the defendant real properties appraised by a licensed appraiser of its choosing.  The U.S. Marshals Service and the appraiser may have access to the defendant real properties and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

      12.     If necessary, the U.S. Marshals Service, and any real estate broker employed by the U.S. Marshals Service, shall have the right to put a "lock box" on the properties to facilitate the marketing and sale of the properties.

      13.     The following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

      a.     The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

      b.     Any unpaid real property taxes, which shall be prorated as of the date of the entry of the Final Judgment of Forfeiture.

      c.     A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee.

      d.     The seller shall pay any county transfer taxes.

      e.     To claimant Marie Mallory: a sum to satisfy an indebtedness under the Deed of Trust recorded in the official records of Trinity County as instrument number 201103212 on October 7, 2011, in the original amount of $66,000.00 plus all unpaid interest at the contractual (not default) rate, plus any

              advances and costs incurred by Marie Mallory up to the date of the payoff of the loan, including, but not limited to any insurance advances, tax advances, and property preservation costs on the defendant real property listed above in paragraph 10(a)(i). As of June 5, 2013, the principal due and owing under the Note was $65,761.11. Interest will continue to accrue from March 2012 under the Note at a rate 5% per annum or $273.00 per month. As of June 5, 2013, the interest due and owing under the Note was $ 3,549.00. As of June 5, 2013, the total amount due and owing to Marie Mallory was $69,310.11.

      f.    To the United States of America: the net proceeds from the sale of the defendant real properties listed in 10(a)(ii-iv) and the remaining proceeds of defendant real property listed in 10(a)(i) after payment has been made to Claimant Mallory. All right, title, and interest in said funds shall be substituted for the defendant real properties and forfeited to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and 881(a)(7), to be disposed of according to law.

14. The payment to Claimant Mallory shall be in full settlement and satisfaction of any and all claims by Claimant Mallory to the defendant real property listed in paragraph 9(a) and all claims resulting from the incidents or circumstances giving rise to this lawsuit.

15. Upon payment in full as set forth above in ¶ 13(e), Claimant Mallory agrees to reconvey her interest in the defendant real property listed in paragraph 9(a) via recordable documents and cause those to be recorded, and to release and hold harmless the United States, and any agents, servants, and employees of the United States, (or any state or local law enforcement agency) acting in their individual or

official capacities, from any and all claims by Claimant Mallory and their agents which currently exist or which may arise as a result of the government's action against the real property.

16. In the event it is determined that the proceeds from the sale of the defendant real property listed in paragraph 9(a) would be insufficient to pay Claimant Mallory in full as set forth above in ¶ 13(e), after the disbursements described above are made in ¶ 13(a-d), the United States agrees to release its interest in the defendant real property listed in paragraph 9(a) and consent to the exercise of Claimant Mallory's state law rights to foreclose upon its deed of trust which secures the obligation to Claimant Mallory. The United States shall not enter into a binding agreement to sell the defendant real property unless the proceeds of such sale are sufficient to pay Claimant Mallory in full as set forth above in ¶ 13(e), unless Claimant Mallory otherwise consents in writing.

17. Claimant Mallory agrees not to pursue against the United States any other rights that she may have under the mortgage instrument, including, but not limited to, the right to initiate a foreclosure action without the consent of the U.S. Attorney's Office or this Court.

18. Claimant Mallory understands and agrees that the United States reserves the right to void this settlement agreement if, before payment of the mortgage or lien, the U.S. Attorney obtains new information indicating that the mortgagee or lien holder is not an "innocent owner" or "bona fide purchaser" pursuant to applicable forfeiture statutes. The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the subject property. In either event, the United States shall promptly notify the mortgagee or lien holder of such action. A discretionary termination of forfeiture shall not be a basis for any award of fees under 28 U.S.C. § 2465.

19. Any liens or encumbrances against the defendant real properties that appear on record subsequent to the recording of plaintiff's lis pendens on July 23, 2012,

and prior to the close of escrow may be paid out of escrow.  The United States may pay any such lien or encumbrance at its sole discretion.

20.     The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

21.     All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant real properties.

22.     Each party shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

23.     The United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the filing of the Complaint and the posting of the defendant real properties with the Complaint and Notice of Complaint. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of the filing of the Complaint and the posting of the defendant real properties with the Complaint and Notice of Complaint, as well as to those now known or disclosed.  Claimants waived the provisions of California Civil Code § 1542.

24.     Pursuant to the stipulation of the parties, and allegations set forth in the Verified Complaint for Forfeiture *In Rem* filed July 19, 2012, the Court finds that there was reasonable cause for the posting of the defendant real properties, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

25. Each party shall bear his or her own costs and attorney's fees.

///
///
///
///
///
///

26. The U.S. District Court for the Eastern District of California, Hon. Kimberly J. Mueller, District Judge, shall retain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

SO ORDERED THIS 20th day of June, 2013.

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, and the allegations set forth in the Verified Complaint for Forfeiture *In Rem* filed July 19, 2012, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant real properties.

_____
UNITED STATES DISTRICT JUDGE

## Exhibit A

Real Property located at 281 Pine Forest Road, Hayfork, California

Lot 12, Block 16 of Trinity Pines Subdivision, Unit 1, as shown on the map thereof, filed for record in the office of the County Recorder of Trinity County, California, on July 18, 1968, in Book 4 of Maps and Surveys pages 90-95.

EXCEPTING THEREFROM one-half (½) of all oil, gas and minerals lying more than 500 feet below the surface thereof, but without the right of surface entry thereto, as reserved in the Deed recorded November 17, 1980, in Book 213 of Official Records Page 559.

TOGETHER WITH a non-exclusive easement for ingress, egress and public utilities over those portions of all units of the Trinity Pines Subdivision that are designed as private streets on the maps thereof on file in the office of the County Recorder of Trinity County, as described in the deed to Mary Ann Powell, recorded November 17, 1980 in Book 213 of Official Records page 559.

APN: 019-340-10

### Exhibit B

Real Property located at 660 Sunset Road, Hayfork, California

**Parcel 1:**

Lot 27, Block 28 of Trinity Pines Subdivision, Unit 3, according to the official plat thereof recorded on August 28, 1968, in Book 4 of Maps and Surveys pages, 123-130, inclusive, in the office of the County Recorder of Trinity County.

EXCEPTING THEREFROM one-half (½) of all oil, gas and minerals lying more than 500 feet below the surface thereof, but without the right of surface entry thereto, as reserved in the Deed recorded February 13, 1981, in Book 215 of Official Records Page 328.

**Parcel 2:**

TOGETHER WITH a non-exclusive easement for ingress, egress and public utilities over those portions of all units of the Trinity Pines Subdivision that are designed as private streets on the maps thereof on file in the office of the County Recorder of Trinity County, as described in the deed to Mary Ann Powell, recorded November 17, 1980 in Book 213 of Official Records page 559.

APN: 019-640-13

<u>**Exhibit C**</u>

Real Property located at 1461 Westridge Road, Hayfork, California

**Parcel 1:**

Lot 65, Block 32 of Trinity Pines Subdivision, Unit 3, according to the map thereof recorded on 09-10-68, in Book 4 of Maps and Surveys pages, 123-130, inclusive, in the office of the County Recorder of Trinity County, excepting therefrom one-half (½) of all oil, gas and minerals lying more than 500 feet below the surface thereof, but without the right of surface entry thereto.

**Parcel 2:**

A non-exclusive easement for ingress, egress and public utilities over those portions of all units of Trinity Pines Subdivision that are designated as private streets of the maps thereof on file in the office of the County Recorder of Trinity County.

APN: 019-660-13

## Exhibit D

Real Property located at 1431 Westridge Road, Hayfork, California

Lot 64, Block 32 of Trinity Pines Subdivision, Unit 3, as shown on the map thereof, filed for record in the office of the County Recorder of Trinity County, California, on August 28, 1968, in Book 4 of Maps and Surveys pages 123-130.

EXCEPTING THEREFROM one-half (½) of all oil, gas and minerals lying more than 500 feet below the surface thereof, but without the right of surface entry thereto, as reserved in the Deed recorded March 27, 1978, in Book 190 of Official Records Page 263.

APN: 019-660-12